BRADY, Justice:
This is an appeal from the Chancery Court of Clarke County, Mississippi, which held that there was no adverse possession by the appellant of the sixty acres involved and confirmed title in the appellees on their cross-bill. From that adverse decree appellant prosecutes this appeal.
This cause had some of the durable characteristics of Tennyson’s “Brook” but it finally ran down after twelve volumes. After a careful reading of the record, especially volumes 5, 6, 10 and 11, it is apparent from the testimony and evidence as it appears in the record that the appellant was using the property but never had the intention to adversely claim the property as against his relatives who had the legal title to the property in question. This becomes quite apparent when one carefully reads the depositions which both the appellant and his son signed in 1970 prior to the taking of any steps toward the filing of a suit of adverse possession. Furthermore, this is supplemented by the acts or admissions on the part of appellant in 1956 when, after twenty acres in question had been sold to another for taxes, a survey line was run around the twenty acres and appellant admitted that he painted the corner trees of this survey line after the survey had been run. In addition to this, the appellant further admits that when the property, the forty acres in question, was sold at the commissioner’s sale to Mr. Goodwin in 1965, he removed the fence from the west boundary that he had placed there, and when Mr. Goodwin questioned him as to who had removed some timber from the twenty acres in controversy, appellant denied that he had done it.
In neither instance after being made aware that others were claiming the property did the appellant make any attempt either to contact an attorney or go to the individuals and request that they cease trespassing upon the property. Appellant at no time took any action to treat either of these parties as trespassers.
*320 A careful study of the record of the evidence convinces us that the findings of fact of the astute chancellor were not against the overwhelming weight of the evidence. We concur with the findings of fact and the determinations of law as set forth by the chancellor in his opinion and hold that there was a failure to allege and prove the essential open, hostile, continuous, notorious, adverse possession on the part of the appellant.
For these reasons, the judgment of the lower court is affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, SMITH and SUGG, JJ., concur.